UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM FREEMAN,

Plaintiff,

-against-

DOE,

Defendants.

25-CV-4721 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*, asserting claims arising during his detention at Rikers Island. By order dated July 23, 2025, the Court dismissed the complaint for Plaintiff's failure to either prepay the filing fees or submit an *in forma pauperis* (IFP) application and prisoner authorization agreeing to pay the filing fee in installments. Plaintiff appealed, and filed a motion for an extension of time to appeal (ECF 7). The Court of Appeals thereafter dismissed the appeal for Plaintiff's failure to comply with a fee order. (ECF 11) (Mandate issued June 24, 2026). Plaintiff has since been transferred to the custody of the New York State Department of Corrections and Community Supervision.

On January 21, 2026, Plaintiff filed a "motion to continue the complaint" (ECF 9-10), which the Court liberally construes as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

**DISCUSSION**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

> to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons set forth in subsections (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Plaintiff's complaint was dismissed for his failure to either prepay the full filing fee or submit an IFP application and prisoner authorization authorizing installment payments from his account. The dismissal was without prejudice to Plaintiff's refiling a new action. Plaintiff does not set forth any reason justifying relief from the judgment, and he is free to refile the action. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist warranting relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

In addition, Plaintiff's motion for an extension of time to appeal (ECF 7) is denied as moot because his appeal has already been dismissed for his failure to comply with a fee order from the court of appeals.

**CONCLUSION**

Plaintiff's motion for an extension of time to appeal (ECF 7) is denied as moot. The Court denies Plaintiff's motion for reconsideration (ECF 9) of the July 23, 2025 order of dismissal. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 10, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge